UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL JALIEBA,

    Plaintiff,

v.                                                      Case No: 5:23-cv-729-MMH-PRL

ANTHONY CRIM, ANTONIO CRIM,
K. K. HOWIE, K. WHITSTON, C.
SIMPSON, D. DRAKE, ARNALDO
COLON, M. B. CHITTUM, J.
SANCHEZ, JEFFREY HURST,
JOHNNIE ROBINSON, CLYDE
QUINTON RUCKER and JOHNNY
LEE COLEMAN,

    Defendants.

## ORDER

Apparently, this is *pro se* Plaintiff's second time bringing this 42 U.S.C. § 1983 action before the Court. (Doc. 1 at 1, 3–4) (referencing and providing the case number for Plaintiff's former case, arguing that Orders from previous case were not sent to Plaintiff, and explaining why Plaintiff did not provide an address in his former case). Plaintiff's earlier case was dismissed without prejudice due to his failure to comply with the Court's orders and his failure to prosecute. *Jalieba v. Winston et al.*, 5:21-cv-00594-KKM-PRL (M.D. Fla. Dec. 30, 2021) ("Plaintiff has not provided the Court with a current mailing address; the standing order has not been returned to the Court as undeliverable; and he has failed to move for leave to proceed in forma pauperis or pay the filing fee."). Plaintiff's current complaint provides a mailing address (Doc. 1 at 8), and he seeks to proceed in forma pauperis. (Doc. 3). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis will be taken under

advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

### I.  LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or … seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

### II.  DISCUSSION

Plaintiff's eighty-nine-page complaint (Doc. 1) is largely handwritten, with several indecipherable portions. *See, e.g.*, (Doc. 1 at 19 & 22) (running out of ink and cutting-off bottom half of words on page). From what the Court can discern, Plaintiff's complaint is:

> based on a false arrest. Officer did not do a good investigation. The investigation was a [sic] illegal crime. The actual investigation did not lead to a proper arrest. The plaintiff right [sic] were violated. Also [sic] no follow up [sic] investigation was done. Officers had all the evidence to prove the plaintiffs [sic] was innocent.

(Doc. 1 at 15).

#### A. Federal Rules of Civil Procedure

As an initial matter, Plaintiff's complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Indeed, Plaintiff's complaint is a classic "shotgun" complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of

the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The complaint makes few distinctions among the thirteen Defendants despite "geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). For example, the "negligence claim" generally asserts that "officers breached thier [sic] duty, duties [sic] by not doing an [sic] proper investigation, by falsely arresting the plaintiff." (Doc. 1 at 21). Likewise, Plaintiff's "false imprisonment claim" fails to allege that a defendant was "making a false arrest lead[ing] to a false report. . . . [and] making Plaintiff move from one location to the next[.]" (Doc. 1 at 25).

Moreover, Plaintiff's complaint does not contain a short and plain statement of the claim showing that he is entitled to relief, as required by Rule 8. Fed. R. Civ. P. 8. Instead, Plaintiff's complaint is rife with dubious legal conclusions and conjecture—for example, that "officers left criminals on the street to do more crime in the community" and that "officers committed negligence violation of the plaintiffs [sic] fourteenth, first, amendment [sic], also discrimination and false imprisonment." (Doc. 1 at 16–17). Further, the complaint does not delineate the alleged causes of action into counts or another organized manner as required by Rule 10. Fed. R. Civ. P. 10. Although the plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

**B. Failure to State a Claim**

Next, substantively, the complaint fails to allege any viable basis for Plaintiff's claims under § 1983. 42 U.S.C. § 1983. While Plaintiff alleges that he is proceeding under § 1983, he fails to state a plausible claim for relief. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (noting §

1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.") (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The complaint fails to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271 ("The first step in any such claim is to identify the specific constitutional right allegedly infringed.") (first citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); then citing *Baker*, 443 U.S. at 140).

Instead, Plaintiff generally alleges that amendments to the U.S. Constitution were infringed. For example, Plaintiff's complaint asserts a "4th Amendment Claim" because "[t]he officer violated the plaintiffs [sic] rights by giving up the phone and it bieng [sic] evidence." (Doc. 1 at 20). Plaintiff does not identify the specific right under the Fourth Amendment that was allegedly infringed.[1] Indeed, it is unclear that any constitutional or statutory right has been infringed. Accordingly, the complaint fails to state a claim for relief under § 1983.

Further, Plaintiff's claims under § 1983 against Antonio Crim, Anthony Crim, Johnny Lee Coloman, and Clyde Quinton Rucker appear improper, as the complaint lacks any facts that would indicate government action in their conduct.[2] (Doc. 1 at 14). To state a claim

---

[1] Moreover, "the Fourth Amendment applies to state actors through the Fourteenth Amendment." *Root v. Kling*, No. 3:20-CV-118-J-34JRK, 2020 WL 4015799, at *2 (M.D. Fla. July 16, 2020) (first citing *Ker v. State of Cal.*, 374 U.S. 23, 30-31 (1963); then citing *Malloy v. Hogan*, 378 U.S. 1, 10 (1964)). Plaintiff alleges a separate Fourteenth Amendment claim (Doc. 1 at 22), thus, it does not appear that his Fourth Amendment claim is proper.

[2] In comparison, the plaintiff's complaint states that the other defendants are being sued in their official and individual capacities. To the extent Plaintiff's complaint asserts claims against the officer-defendants in their official capacities, the Court notes that "[w]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Thus, "[s]uch suits against municipal officers are . . . in actuality, suits directly against the city that the officer represents." *Busby*, 931 F.2d at 776 (citing *Kentucky*, 473 U.S. at 165–66).

under § 1983, the (private party) defendant must have acted under color of state law. *Ware v. N. Fla. Reg'l Med. Ctr. Inc.*, 3:22CV23463/MCR/ZCB, 2023 WL 3466652, at *2 (N.D. Fla. Feb. 28, 2023), *report and recommendation adopted*, 2023 WL 3457877 (N.D. Fla. May 15, 2023). "[P]rivate parties are considered state actors only when they perform a public function, are coerced by the government, or are in such 'a position of interdependence with [the State] that [the State] was a joint participant in the enterprise.'" *Carson v. Wells Fargo Bank, N.A.*, No. 8:10-CV-2362-T17-EAJ, 2011 WL 2470099, at *2 (M.D. Fla. June 20, 2011) (citing *Nat'l Broad. Co. v. Commc'n Workers of Am., AFL–CIO*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). No such facts are alleged here. *See Ware*, 2023 WL 3466652, at *2–3. Accordingly, it appears that Antonio Crim, Anthony Crim, Johnny Lee Coloman, and Clyde Quinton Rucker are not subject to suit under § 1983.

However, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the bases for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III. CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **February 7, 2024**, to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in

the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discoveryhandbook).

**DONE** and **ORDERED** in Ocala, Florida on January 10, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties