UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL JALIEBA,

    Plaintiff,

v.                                            Case No: 5:23-cv-729-MMH-PRL

ANTHONY CRIM, ANTONIO CRIM,
K. K. HOWIE, K. WHITSTON, C.
SIMPSON, D. DRAKE, ARNALDO
COLON, M. B. CHITTUM, CLYDE
QUINTON RUCKER, JOHNNY LEE
COLEMAN, M. V. WILLIAMS, B.
SIROLLI and D. DRALE,

    Defendants.

_____

### REPORT AND RECOMMENDATION[1]

As this Court previously stated, this is apparently Plaintiff's second time bringing this purported civil rights action under 42 U.S.C. § 1983 before the Court. (Doc. 1 at 1, 3–4) (referencing and providing the case number for Plaintiff's former case, arguing that Orders from the previous case were not sent to him, and explaining why he did not provide an address in his former case). Plaintiff's earlier case was dismissed without prejudice due to his failure to comply with the Court's orders and his failure to prosecute. *Jalieba v. Winston et al.*, 5:21-cv-00594-KKM-PRL (M.D. Fla. Dec. 30, 2021) ("Plaintiff has not provided the Court with a current mailing address; the standing order has not been returned to the Court as

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

undeliverable; and he has failed to move for leave to proceed in forma pauperis or pay the filing fee.").

Plaintiff, who is *pro se*, seeks to proceed in forma pauperis. (Doc. 3). Previously, upon noting deficiencies in Plaintiff's original complaint, the Court took Plaintiff's motion to proceed in forma pauperis under advisement and allowed Plaintiff to file an amended complaint. (Doc. 5). Although Plaintiff has filed an amended complaint (Doc. 7), it fails to resolve the previously noted deficiencies, and accordingly, I recommend denying his motion and dismissing his complaint.

## I.   LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)). In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a

complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

Using the standard form, Plaintiff's amended complaint (Doc. 7) attempts to allege claims under 42 U.S.C. § 1983 against the defendants. Plaintiff's amended complaint, like his first, is largely handwritten, and attaches multiple pages asserting additional facts. Like Plaintiff's initial complaint, his amended complaint contains indecipherable portions, with sentences cut off. *See, e.g.*, (Doc. 7 at 4) (stating "Plaintiff began to run as Antonio Crim and Clyde [sic] see Additional Page" without providing an additional page that completes the sentence). From what the Court can discern, Plaintiff's amended complaint arises when:

> Anthony Crim pulled a gun on the plaintiff . . . and put it to his head, anthony [sic] Crim got this gun from Clyde Rucker. Anthony Crim And [sic] Another individual beat Paul Jalieba and attempted to stabb [sic], and shoot the Plaintiff [sic]. The Plaintiff [sic] . . . snatched the gun away and it was only Done [sic] through self defense and began to shoot at the individual to save his life, and the slide jammed Paul Jalieba . . . began to run as Antonio Crim and Clyde[.]

(Doc. 7 at 4).

### A. Federal Rules of Civil Procedure

As an initial matter, Plaintiff's amended complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Indeed, Plaintiff's amended complaint is a classic "shotgun" complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The amended complaint makes few distinctions among the thirteen Defendants despite "geographic and temporal realities mak[ing] plain that all of the defendants could not have participated in every act complained of." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). For example, the amended complaint claims that "[a]ll Officers And [sic] Criminals, 'Antonio Crim, Anthony Crim, Clyde Rucker [sic] involved And [sic] committed all violation [sic]." (Doc. 7 at 8).

Moreover, Plaintiff's amended complaint does not contain a short and plain statement of the claim showing that he is entitled to relief, as required by Rule 8. Fed. R. Civ. P. 8. Instead, Plaintiff's amended complaint is rife with dubious legal conclusions and conjecture—for example, that "Detective Hurst had violated the actual plaintiff 4th amendment of constitutional rights. Evidence obtained by officer/Detective Hurst were to be obtained." (Doc. 7 at 4). Finally, the amended complaint does not delineate the alleged causes of action into counts or another organized manner as required by Rule 10. Fed. R. Civ. P. 10. Although the plaintiff is proceeding *pro se*, he is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

### B. Failure to State a Claim

Next, substantively, the complaint fails to allege any viable basis for Plaintiff's claims under § 1983. 42 U.S.C. § 1983. While Plaintiff alleges that he is proceeding under § 1983, he fails to state a plausible claim for relief. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (noting § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.") (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The complaint fails to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271 ("The first step in any such claim is to identify the specific constitutional right allegedly infringed.") (first citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); then citing *Baker*, 443 U.S. at 140).

Instead, Plaintiff generally alleges that amendments to the U.S. Constitution were infringed. For example, Plaintiff's amended complaint asserts that: "Also practice the rights of his religion, Violating [sic] his 14th amendment also [sic] of his constitutional rights." (Doc. 7 at 9). Plaintiff does not identify the specific right under the Fourteenth Amendment that was allegedly infringed.[2] Indeed, it is unclear that any constitutional or statutory right has been infringed. Accordingly, the amended complaint fails to state a claim for relief under § 1983.

Further, Plaintiff's claims under § 1983 against Antonio Crim, Anthony Crim, Johnny Lee Coloman, and Clyde Quinton Rucker appear improper, as the amended complaint lacks

---

[2] Moreover, "the Fourth Amendment applies to state actors through the Fourteenth Amendment." *Root v. Kling*, No. 3:20-CV-118-J-34JRK, 2020 WL 4015799, at *2 (M.D. Fla. July 16, 2020) (first citing *Ker v. State of Cal.*, 374 U.S. 23, 30-31 (1963); then citing *Malloy v. Hogan*, 378 U.S. 1, 10 (1964)). Plaintiff alleges a separate Fourteenth Amendment claim (Doc. 7 at 3), thus, it does not appear that his Fourth Amendment claim is proper.

any facts that would indicate government action in their conduct.³ Instead, it appears that the amended complaint expressly disclaims that these Defendants are government actors as it specifically alleges that "All Officers **And [sic] Criminals,** 'Antonio Crim, Anthony Crim, Clyde Rucker [sic] involved And [sic] committed all violation [sic]." (Doc. 7 at 8) (emphasis added) To state a claim under § 1983, the (private party) defendant must have acted under color of state law. *Ware v. N. Fla. Reg'l Med. Ctr. Inc.*, 3:22CV23463/MCR/ZCB, 2023 WL 3466652, at *2 (N.D. Fla. Feb. 28, 2023), *report and recommendation adopted*, 2023 WL 3457877 (N.D. Fla. May 15, 2023). "[P]rivate parties are considered state actors only when they perform a public function, are coerced by the government, or are in such 'a position of interdependence with [the State] that [the State] was a joint participant in the enterprise.'" *Carson v. Wells Fargo Bank, N.A.*, No. 8:10-CV-2362-T17-EAJ, 2011 WL 2470099, at *2 (M.D. Fla. June 20, 2011) (citing *Nat'l Broad. Co. v. Commc'n Workers of Am., AFL–CIO*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). No such facts are alleged here. *See Ware*, 2023 WL 3466652, at *2–3. Accordingly, it appears that Antonio Crim, Anthony Crim, Johnny Lee Coloman, and Clyde Quinton Rucker are not subject to suit under § 1983.

Accordingly, Plaintiff has failed to state a claim under § 1983.

---

³ In comparison, the amended complaint states that other defendants have the "job or title" of Officer. *See, e.g.*, (Doc. 7 at 5). To the extent Plaintiff's amended complaint asserts claims against the officer-defendants in their official capacities, the Court notes that "[w]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Thus, "[s]uch suits against municipal officers are . . . in actuality, suits directly against the city that the officer represents." *Busby*, 931 F.2d at 776 (citing *Kentucky*, 473 U.S. at 165–66).

### III. RECOMMENDATION

Accordingly, and upon due consideration, it is respectfully recommended that Plaintiff's motion to proceed in forma pauperis (Doc. 3), be denied, and this case be dismissed.

Recommended in Ocala, Florida on February 29, 2024.

                                      PHILIP R. LAMMENS
                                      United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy